Case 4:25-cv-00275   Document 8   Filed on 05/22/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
May 22, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NELSON DANIEL MARTINEZ, | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:25-0275 |
| SHERIFF ED GONZALEZ, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner Nelson Daniel Martinez filed this habeas action under 28 U.S.C. § 2241 when he was a pretrial detainee in the Harris County Jail. After reviewing all of the pleadings under Rules 1 and 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that the petition must be **dismissed** without prejudice for the reasons that follow.

### I.  BACKGROUND

Martinez filed his federal petition on January 23, 2025, when detained in the Harris County Jail, but has since been released. *See* Find Someone in Jail, Harris County Sheriff's Office, available at https://harriscountyso.org/JailInfo/FindSomeoneInJail (last visited May 13, 2025). Publicly available online records reflect that Martinez is awaiting trial in 339th District Court of Harris County in Case No. 189283201010 for aggravated assault against a public servant and was released on bond. He is represented by court-appointed counsel, appointed on April 2, 2025. On April 3, 2025, the court granted defense counsel's

motion for investigative funds. *See* Record Search, Harris County District Clerk, available at https://www.hcdistrictclerk.com/Edocs/Public/search.aspx (last visited May 13, 2025).

Martinez filed applications for a writ of habeas corpus in the trial court, most recently on January 23, 2025, which apparently remain pending. The Texas appellate courts' public website reflects no habeas petition before the Court of Criminal Appeals from Martinez regarding proceedings in the 339th District Court. *See* Case Information, Texas Judicial Branch, available at http://search.txcourts.gov/CaseSearch.aspx?coa=cossup=c (last visited May 13, 2025).

Martinez's petition in this Court claims that he was arrested on January 17, 2025, that the arresting officer did not show him the arrest warrant or read him his rights, that he did not see a magistrate until January 22, 2025, and that the trial court lacks jurisdiction (Dkt. 1, at 6-7).

## II.     EXHAUSTION OF STATE COURT REMEDIES

Martinez seeks habeas relief under 28 U.S.C. § 2241, which authorizes a federal writ of habeas corpus if a prisoner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A state pretrial detainee may seek a federal writ of habeas corpus under § 2241 only if the following two prerequisites are met: the petitioner must be "in custody" for purposes of § 2241(c) and the petitioner must have exhausted available state remedies. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Dickerson v. Louisiana*, 816

F.2d 220, 224 (5th Cir. 1987). Martinez does not meet the second prerequisite because he did not exhaust available state court remedies before seeking relief in federal court.[1]

Although the statutory text of § 2241 does not contain an express exhaustion requirement, "courts have grafted an exhaustion requirement onto § 2241[.]" *Hartfield v. Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015). As explained by the Fifth Circuit, this requirement stems from the theory that federal courts should abstain from interference with matters that are pending in the state courts:

> [A] body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

*Dickerson*, 816 F.2d at 225. The exhaustion requirement "protect[s] the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction as well as to limit federal interference in the state adjudicatory process." *Id.* A claim is properly exhausted when the petitioner has "fairly apprise[d] the highest court of his state of the federal rights which were allegedly violated" and has presented his claims "in a procedurally correct manner." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (citations omitted).

---

[1] Public records indicate that Martinez posted bond and has been released from Harris County Jail. However, he nevertheless could be "in custody" for purposes of the habeas statutes. *See Justs. of Bos. Mun. Ct. v. Lydon*, 466 U.S. 294, 300-01 (1984); *see Spikes v. Lancaster*, No. CV 22-741, 2023 WL 2569447, at *5 (E.D. La. Jan. 23, 2023) (collecting cases), *report and recommendation adopted,* 2023 WL 2562792 (E.D. La. Mar. 17, 2023). If Martinez is no longer "in custody," his petition is subject to dismissal under 28 U.S.C. §2241(c).

To exhaust remedies in Texas, a petitioner must present his claims to the Texas Court of Criminal Appeals by filing an appeal followed by a petition for discretionary review or by filing an application for a writ of habeas corpus. *See Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990). In the pre-conviction context, a Texas prisoner confined after a felony indictment may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted. *See* TEX. CODE CRIM. PROC. art. 11.08. If the trial court denies habeas relief under article 11.08, the prisoner's remedy is to take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See*, *e.g.*, *Ex parte Twyman*, 716 S.W. 2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n.5 (Tex. Crim. App. 1981)).

In this case, Martinez's habeas applications apparently remain pending in the trial court. Because he has not yet presented his application to the Court of Criminal Appeals, the exhaustion requirement is not satisfied. Online court records reflect that the criminal case against Martinez is being actively litigated and that he is represented by counsel. Martinez does not allege facts supporting a finding that a remedy for his constitutional claims is unavailable from the Texas courts.

Additionally, under the doctrine set out in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), federal courts cannot interfere in state criminal proceedings unless extraordinary circumstances are present. This doctrine, which is alternately called "abstention" or "nonintervention," is based on considerations of equity, comity, and federalism. *See Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 86 & n. 4 (5th Cir. 1992); *DeSpain v. Johnston*,

731 F.2d 1171, 1175-76 (5th Cir. 1984). Martinez does not show that exceptional circumstances are present or that federal court intervention is warranted.

The Court therefore concludes that the pending federal habeas petition must be dismissed without prejudice because, at this time, he has not exhausted all available state court remedies.

### III. CERTIFICATE OF APPEALABILITY

Habeas corpus actions challenging detention in state custody require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484; *see Pierre v. Hooper*, 51 F.4th 135, 137 (5th Cir. 2022) (a certificate of appealability may not issue based solely on a debatable procedural ruling).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the record and the applicable law, the court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.   CONCLUSION

For the reasons stated above the Court orders as follows:

1.   The petition for a writ of habeas corpus filed Nelson Daniel Martinez is **DISMISSED without prejudice** because Martinez did not exhaust all available state remedies before seeking federal habeas relief.

2.   All pending motions, if any, are denied as moot.

3.   A certificate of appealability is denied.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on __May 22__, 2025.

*[signature: George C. Hanks Jr.]*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE